DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Justin R. White has appealed from a judgment of the Summit County Common Pleas Court that adjudicated him a sexual predator. This Court affirms.
 I.
On June 18, 1986, Defendant was indicted on four counts of felonious sexual penetration, six counts of gross sexual imposition, and four counts of disseminating matter harmful to juveniles. On August 28, 1996, Defendant pled guilty to one count of felonious sexual penetration, a violation of former R.C.2907.12(A)(1)(b), and two counts of gross sexual imposition, violations of R.C. 2907.05(A)(4). The trial court dismissed the remaining charges and sentenced him.
Pursuant to R.C. 2950.09(C), the Ohio Department of Rehabilitation and Correction recommended that Defendant be adjudicated a sexual predator. On November 2, 1998, the trial court held a sexual predator hearing. On November 6, 1998, the trial court adjudicated Defendant a sexual predator. Defendant timely appealed that determination, raising three assignments of error.
 II. A.
ASSIGNMENT OF ERROR I
 The classification of [Defendant] as a sexual predator should be reversed as R.C. CH. 2950 (sic) is unconstitutional.
In his first assignment of error, Defendant has asserted that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution. In support of his assertion that the sexual predator legislation is unconstitutional pursuant to Section 1, Article I of the Ohio Constitution, he has relied on State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217, discretionary appeal granted (1999),86 Ohio St.3d 1406. In Williams, the Eleventh District Court of Appeals held that R.C. Chapter 2950 violated Section 1 Article I of the Ohio Constitution.Id. at *32.
This Court, however, has previously declined to followWilliams. State v. Criss (Jan. 12, 2000), Summit App. No. 19298, unreported, at 12. In Criss, this Court concluded that R.C. Chapter 2950 constitutes a valid use of the state's police power and, therefore, does not violate Section 1, Article I of the Ohio Constitution. Id. Accordingly, Defendant's first assignment of error is overruled.
 B.
ASSIGNMENT OF ERROR II
 The classification of [Defendant] as a sexual predator should be reversed as the trial court failed to provide [Defendant] with the meaningful hearing required by R.C. CH. 2950 (sic).
In his second assignment of error, Defendant has asserted that he was denied the right to a meaningful hearing. Defendant's argument is without merit.
Pursuant to R.C. 2950.09(B)(1), the trial court is required to conduct a hearing to determine whether a defendant is a sexual predator. R.C. 2950.09(B)(1) provides, in part:
 At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.
Defendant has claimed that the trial court limited the hearing to an argument of the statutory factors and the introduction of documentary evidence, thereby foreclosing his access to the meaningful hearing contemplated by R.C. 2950.09(B)(1). Defendant has failed, however, to point this Court to any evidence in the record that the trial court placed the alleged limits on the hearing. Further, this Court could not find any such evidence.
After reviewing the record, this Court is persuaded that Defendant had a fair and meaningful hearing. Defendant's counsel presented arguments and exhibits on Defendant's behalf, and Defendant testified on his own behalf. Although the State did not present witnesses at the hearing, the trial court did not prohibit either party from doing so. Accordingly, the trial court did not deny Defendant the right to a meaningful hearing. Defendant's second assignment of error is overruled.
 C.
ASSIGNMENT OF ERROR III
 The classification of [Defendant] as a sexual predator should be reversed as the State failed to prove by clear and convincing evidence that [Defendant] was a sexual predator.
In his third assignment of error, Defendant has essentially asserted that there was insufficient evidence to support the trial court's determination that he is a sexual predator. This Court disagrees.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "adjudicated as being a sexual predator" if:
 [p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
Because Defendant was sentenced prior to the effective date of this section and remained imprisoned after the effective date of this section, the trial court was required to proceed under division (C) of R.C. 2950.09.
R.C. 2950.09(C)(1) requires the department of rehabilitation and correction to determine whether to recommend that an offender be adjudicated to be a sexual predator and to submit that recommendation to the trial court that sentenced the offender. R.C. 2950.09(C)(2) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator.
The factors that a trial court must consider when making its sexual predator determination include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has completed his sentence for any prior criminal conviction or, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty or made one or more threats of cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct. See R.C. 2950.09(B)(2). The State is not required to demonstrate every factor in R.C. 2950.09(B)(2) before a defendant can be adjudicated a sexual predator. State v. Smith
(June 2, 1999), Summit App. No. 18622, unreported, at 5.
Felonious sexual penetration, a violation of former R.C.2907.12(A)(1)(b), and gross sexual imposition, a violation of R.C.2907.05(A)(4) are sexually oriented offenses. R.C. 2950.01(D)(1) and (5); State v. Wilburn (Dec. 17, 1999), Holmes App. No. 97CA586, unreported, 1999 Ohio App. LEXIS 6313, at *16. Defendant plead guilty to one count of felonious sexual penetration and two counts of gross sexual imposition. The only issue, therefore, is whether there was clear and convincing evidence that Defendant was likely to engage in the future in a sexually oriented offense.
At the hearing in this matter, the State did not present any witnesses. The State did, however, submit to the trial court the Akron Police Department's report of the investigation. Defendant had been given an opportunity to review the report and had, in fact, requested that a specific page of the report be submitted to the trial court at the hearing. The report was accordingly marked as a joint exhibit.
The State then proceeded to argue the criteria of R.C.2950.09 that applied to Defendant. Ashley, the victim of the felonious sexual penetration, was three years old at the time of the offense. At the time of the gross sexual imposition offenses, the victims, Kenneth and Brandon were eight years old and six years old respectively. Defendant committed these acts while he was baby-sitting for the children over a five-month period.
The police report indicated that both Brandon and Kenneth informed the police that Defendant threatened to physically harm them if they told anyone what had happened. Further, Brandon stated that Defendant molested Ashley in his presence. Kenneth also told the police that he saw Defendant molesting Ashley; however, Defendant was unaware that Kenneth had observed the incident.
The State presented evidence of several of the factors of R.C. 2950.09(B)(2). The trial court could reasonably conclude from that evidence that Defendant was likely to engage in the future in one or more sexually oriented offenses. Accordingly, the trial court did not err by designating him a sexual predator. Defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE, FOR THE COURT.
BAIRD, P.J., CARR, J., CONCUR.